hWALTZER, Judge.
Plaintiff-appellant G & K Services, Inc. (hereinafter, “G & K”) appeals a January 5, 1994 judgment of the Civil District Court, Parish of Orleans, the Honorable Okla Jones II presiding, granting judgment in favor of defendants-appellees Lucy Cohn, Lee Cohn, and their sole proprietorship Cohn’s Disposal Service (hereinafter “Cohn”), dismissing G & K’s suit at their cost and denying G & K’s request for attorneys fees.
On appeal, G & K raises the following specifications of error:
The trial court erred in:
1. finding that G & K breached the contract;
2. denying G & K an open account balance still due of $659.39;
3. failing to award G & K $292.12 for unreturned uniforms;
4. failing to award G & K liquidated damages;
5. and in finding that Cohn did not violate the terms of the contract.
The trial court provided excellent and extensive reasons for judgment which are attached hereto as Appendix A.
Turning to the first specification of error, we find that the trial court did not err in finding that G & K breached the contract, based upon the testimony presented to him at trial. The contract negotiations were between Mrs. Lucille Cohn and Mr. Robert Logan, a salesman for G & K. The only witness who could have proved G & K’s case was Mr. Logan, but he was not called as a witness. Robert Logan retired from G & K *528 in 1992 due to a bad heart condition and moved to Florida. When General Manager Zachary Heard was asked if any attempts were made to contact Robert Logan, he responded “No”. In the absence of Mr. Logan’s testimony, the trial court apparently found Mrs. Cohn’s first hand testimony more credible than the second and third hand testimony of G & K’s witnesses.
Mrs. Cohn testified that the company was months late in providing the service; when the service was installed G & K failed to timely provide lockers for the storage of uniforms Ras discussed; the uniforms were the wrong color; the logos were incorrectly made; the name patches were put on the wrong size uniform for the worker bearing that name; instead of new uniforms, G & K delivered old uniforms with holes in them, etc., etc. While any one of these problems alone would be insufficient to constitute a breach, according to the only first hand testimony presented, the totality of the many problems is overwhelming and is of such abundance as to amount to a breach of the service. The “service” provided by G & K was so erroneous as to amount to no service at all. This specification of error is without merit.
G & K’s second specification of error is that the trial court erred in denying G & K an open account balance due of $659.39. This specification of error is without merit. At page 161 of the transcript, General Manager Zachary Heard admitted that G & K received Cohn’s check for $659.39, clearing out this balance:
Q. I show you what we’ve marked for identification as Defendant’s Exhibit 6. It purports to be a check from Cohn Disposal. What I would like you to do is look at the back and see if you recognize—
A. (by Zachary Heard) It passed through our bank.
Q. It did?
A. (by Zachary Heard) Yes, and it clears out the balance of six fifty-nine thirty-nine, and it clears that out.
Accordingly, this specification of error is without merit.
G & K’s third specification of error is that the trial court erred in not awarding G & K the value of leased uniforms not returned by Cohn Disposal amounting to $292.12. The record indicates that Cohn returned the uniforms. G & K Route Manager Gary Bender credited the Cohn account with the return of the disputed uniforms on January 15, 1993. This specification of error is without merit.
G & K’s fourth specification of error is that the trial court erred in not awarding G & K liquidated damages. G & K are not entitled to liquidated damages as they caused the breach. This specification of error is entirely without merit.
Lastly, G & K argues that the trial court erred in finding that Cohn did not violate the terms of the contract. The day after the first delivery, which was both erroneous and over a month late, Lucille Cohn presented G & K with 3 pages of complaints relative to ^errors or defects in service. During the following three months, not only were the initial problems not rectified, but the errors only became worse. Finally, in disgust, the Cohns terminated service. G & K now argues that the termination of service constituted a breach. The termination did not constitute a breach on the part of the Cohns. According to the testimony presented, the breach was on the part of G & K. This specification of error is without merit.
G & K also sought attorneys fees to which it is not entitled.
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.